<u>United States District Court</u>
<u>For The</u>
<u>First Circuit Of Massachusette</u> FILED
IN CLERKS OFFICE

2014 APR 28  A 11: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No. _____

<u>Lawrence Alan Haberman</u>
Plaintiff

vs.

<u>MFS Investment Management</u>
Defendant

Date: _____

<u>Diversity of Citezenship Jurisdiction</u>

<u>Statement Of Jurisdiction</u>

The plaintiff, Lawrence Alan Haberman is a citizen of Florida. The defendant, MFS
Investment Management is a citizen of Massachusetts. MFS Investment Management is
a corporation incorporated under the laws of Massachusetts, with its principle pl-
ace of business in Massachusetts. The amount in controversy without interest and cost
exceeds the sum or value specified by U.S.C.S. section 1332.

## Jurisdiction

Title 28 U.S.C.S. 1332 lawfully states that the district courts shall have original juristiction of all civil actions where the matter in controversy exceeds the sum value of $75,000.00 exclusive of interest or cost, and is between citizens of different states.

Judicial power of the United States extends to controversies between citizens of different states as well as to cases arising under the constitution, treaties, and laws of the United States, and manners and conditions upon which that power shall be exercised. The United States Constitution imposes no limitation upon class of cases involving controversies between citizens of different states to which judicial power of United States may be extended and congress may therefor lawfully provide for bringing at option of either of parties all such controversies within juristiction of federal judiciary. Railway Company vs. Whittons Adm&r, 80 U.S. 270, 20 LEd 571 also Gaines vs. Fuentes 92 U.S. 10 23 LEd 524. Congress constitutionaly did vest in federal district courts juristiction of civil suit between citizens of any state or territory.

Wherefor as such, it is truthfully stated by the plaintiff here Lawrence Alan Haberman, that the plaintiff Lawrence Alan Haberman is a citizen of the state of Florida and the defendant named in this civil suit, MFS Investment Management is a citizen of 111 Huntington Avenue, Boston, Massachusetts 02199.

As such therefor, it is the respectful request of the plaintiff Lawrence Haberman, that this honorable United States District Court do lawfully invoke its judicial juristiction in this civil suit pursuant to 28 U.S.C.S. section 1332.

## Background

The plaintiff Lawrence Alan Haberman as of the begining in 2002 until 2007 did have an contractual investment account with the Investment Management Company <u>MFS.</u>

As agreed upon between Lawrence Alan Haberman and MFS Investment Management, the, <u>record custodian services provided</u> to Mr. Haberman by MFS Investment Management would protect all investment and privacy rights of Mr. Haberman.

Mr. Haberman never did at anytime authorize to MFS Investment Management any right to conduct investment account activity without his initial approval.

In November 2007 MFS Investment Management Company did without Mr. Haberman's approval and without any lawful authority did turn over and relinquish to the United States government all of the total and complete monetary funds that then existed in the MFS Investment account of Lawrence Alan Haberman. The total monetary amount unlawfully relinquished to the U.S. government from Mr. Haberman's account was for the total of $187,777.44.

## Statement of the Facts

Without proper lawful and legal authority MFS Investment Management Company did turn over and relinquish the complete and total monetary amounts of the funds belonging to Lawrence Alan Haberman in account numbers 7/XXXX 8200, 12/XXXX9611, 14/XXXX6768, 92/XXXXXX3034, 12/XXXX9390, and 14/XXXX 6806 in the year of November 2007.

The total and complete amount from Lawrence Alan Haberman's MFS Investment accounts unlawfully relinquished by the MFS Investment Company did include the total amount of $187,777.44

MFS Investment Management Company has its corporate office located in Boston, Massachusetts. On November 20, 2007 MFS Investment Management Company received a Federal Seizure Warrant by facsimile and Federal Express directing MFS Investment Management Company to freeze and disburse the complete and total monetary funds from the accounts of Lawrence Alan Haberman. The Federal Seizure warrant received by MFS Investment Company was sent from the state of Texas. The Federal Seizure Warrant obtained by MFS Investment Management Company from the state of Texas by facsimile and Federal Express mail was not lawfully authorized under the federal laws of the United States of America to operate as legal means to seize and confiscate the complete and total amount of the investment accounts monetary funds of Lawrence Alan Haberman. United States Federal Seizure Warrant laws does not legally or lawfully allow a Federal Seizure Warrant to operate anywhere outside of the federal juristiction of the federal judge who initiates the authorization process of a signed warrant for the purpose of a federal seizure of a citizen's property. United States federal seizure laws only can operate in the federal juristiction of the state of the presiding federal judge who authorizes the seizure of a citizen's property.

As already stated earlier in the statement of the facts, MFS Management Co-

mpany is corporately located in the city and state of Boston, MA, and the Federal Seizure Warrant requesting the unlawful seizure of Lawrence Haberman's monetary funds in his MFS accounts came from the state of Texas which is well beyond and outside of the federal and state juristiction in which the warrant was lawfully allowed to operate.

Wherefor as such MFS Investment Management Company project leader/paralegal Ms. Arlene Cox did not have any lawful or legal authority under the federal laws of the United States to dispense and relinquish the complete and total amount of the monetary funds of Lawrence Haberman in MFS Investment Management account numbers 7/90148200; #12/90229611; #14/90136768; #92/9890053034; #12/60359390; and #14/60246806, based on an unlawful, unauthorized Federal Seizure Warrant. Additionaly MFS Investment Management Company project leader paralegal Ms. Arlene Cox was without federal legal authority to dispense and relinquish the investment accounts of Lawrence Haberman based on a facsimile and Federal Express mail request. There is and there does not exist any law of the United States that does allow a citizen's monetary investment account to be dispensed and relinquished based on a process of service request by facsimile and Federal Express mail. Additionaly Ms. Arlene Cox was without federal lawful authorization to allow the financial privacy rights of Lawrence Haberman to be invaded based on an unlawful request via facsimile and Federal Express. In allowing the MFS investment accounts of Lawrence Haberman to be disbursed and relinquished by request of facsimile and Federal Express mail, Ms. Arlene Cox did clearly violate the personal and private financial account rights of Lawrence Alan Haberman in MFS Investment Management account numbers 7/90148200, #12/90229611, #14/90136768, #92/989 0053034, #12/60359390, and # 14/60246806.

Additionaly MFS Investment Management project leader paralegal Ms. Arlene Cox recieved a subpoena that was not legally or lawfully authorized to op-

erate in state jurisdiction of Boston, Massachusetts where MFS Investment Management is corporately located. The subpoena recieved by MFS Investment Management legal department originated out of the state of Texas. A subpoena can lawfully operate within the state jurisdiction that it is issued or within 100 miles of the place specified for deposition, hearing, trial, production or inspection of requested records. Being that MFS Investment Management is corporately located in the city and state of Boston Massachusetts and the subpoena that was recieved by MFS Investment Management did originate from the state of Texas, it is therefor clear and it leaves no legal doubt that the subpoena was not issued within the district of MFS Investment Management, nor was the subpoena within 100 miles of MFS Investment Management.

### Memorandum Of Law

> The power of federal courts extend to policing the requirement of Federal Rules Of Criminal Procedure governing searches and seizures, and making sure and certain they are observed. 350 U.S. 214 REA vs. United States Of America.

Federal Rules Of Criminal Procedure Rule 41 places limits on authority to issuance of warrants. It appears that the purpose behind Rule 41 is to limit issuing courts, so that a United States District Court cannot issue a search and seizure warrant for a person or for property that is located outside of the court's juristiction. United States vs.Christy, 810 F. Supp 2d 1219.

Authority to issue a warrant 41(b)(1) states that at the request of a federal law enforcement officer a magistrate judge with authority in the district, has authority to issue a warrant for a person or property located within the district.

It is obvious that when congress took the step of creating federal magistrates it was careful to define, in both statue and rule the territories

areas in which the force of their authority could be brought to bear; see 28 U.S.C. 636 and 28 U.S.C. 296. When read, 28 U.S.C. 636 and 28 U.S.C. 296 legally identify the legal jurisdictional area within a United States Magistrate's Judge search and seizure warrant can validly take effect. 28 U.S.C. section 636 lawfully states that: " Each United States Magistrate serving under this statue shall have <u>within the territorial jurisdiction prescribed by his</u> appointment #(1) All powers and duties conferred or imposed upon United States commissioners by law or by Rule 41(a) of the Federal Rules of Criminal Procedure." In the case of search and seizure warrants, the forgoing congressional grant has been implemented by Rule 41(a) of the Federal Rules of Criminal Procedure, which lawfully states that: " A search and seizure warrant authorized by this rule may be issued by a <u>federal magistrate within the district wherein the property sought is located,</u> upon request of a <u>federal law enforcement officer.</u>" The language of Rule 41(a) with its explicit reference to the location of the property being sought is significant. That language is intended to make clear that a search and seizure warrant can only be operative in the territory in respect of which the issuing officer is clothed with judicial authority.

## Memorandum of Law

### Subpoena

The Federal Rules of Civil Procedure Rule 45 (b)(2)(A)(B)(C) states that:
A subpoena may be served at any place (A) within the district of the iss-
uing court, (B) outside the district but within <u>100 miles</u> of the place sp-
cified for the deposition,hearing, trial, production or inspection, and (C)
within the state of the issuing court if a state statue or court rule allows
service at that place of a subpoena issued by a state court of general jur-
istiction sitting in the place specified for the deposition, hearing, trial,
production, or inspection. Additionaly Federal Rules of Civil Procedure Rule
45 (B)(1) lawfully does state that: <u>Serving a subpoena requires delivering</u>
<u>a copy to the named person to whom the subpoena is intended to be served on.</u>

Service must be made by delivering copy of subpoena to the person named. In
re Electric and Musical Industries, Ltd. 155 F. Supp 892. Under Rule 45(c)
personal service of subpoena is requred when individual is subpoenaed. In
re Johnson and Johnson, 59 FRD 174, 178 U.S.P.O. 201, 17 FR Serv 2d 1419.Se-
vice of subpoena duces tecum by regular mail is insufficient under FRCP 45.
Windsor vs. Martindale, 175 FRD 665.

District court has no power to subpoena parties who reside more than 100 mi-
les from the place of requested hearing. Jaynes vs. Jaynes, 496 F. 2d 9, 18
FR Serv 2d 865. Party plaintiff may be deposed in the district wherin he has
chosen to bring his action; but with respect to his attendance at trial, his
status is that of any other witness in that if he resides outside the distr-
ict and more than 100 miles from the place of trial, his attendance cannot
be required. Steel, Inc. vs. Atchison, T and S.F.R. Co. 41 FRD 337, 10 FR
Serv 2d 1197. In action brought under Investment Company Act of 1940, plain-
tiff motion for service of trial subpoena is denied because requirement of
Rule 45 (e) are not met as witness resides more than 100 miles from district

and Investment Company Act does not explicitly permit service of subpoena where party resides beyond 100 mile limit. Index Fund, Inc. vs. Insurance Company of North America, 24 FR Serv 2d 937. Federal Rules Civil Procedure 45 (b)(2) specifies where subpoenas may be served, and Rule 45(c)(3)(A)(ii) merely makes lawfully clear that requested person cannot be required to travel more than 100 miles except within district where they are served; clear language of Rule 45(b)(2) states that subpoena issued by federal district court may be served only within court's district or outside of district but within 100 miles of where event for which subpoena is issued will occur. Dolezal vs. Fritch, 2009 U.S. Dist. Lexis 26238. Federal Rules of Criminal Procedure Rule 17 (subpoena) lawfully does state that: Federal Rule of Criminal Procedure Rule 17 is substantially the same as Federal Rule Civil Procedure Rule 45 which states that witnesses can only be subpoened who are located within 100 miles of the requested hearing for the requested relevant purpose of the court matter.

Memorandum of Law

Seizure Warrant

## Process by Facsimile

Federal Rules of Civil Procedure Rule 5, Service of Process states that: A process is served under this rule by handing it to the person. The service by fax does not satisfy Federal Rules of Civil Procedure Rule 5. Magnuson vs. Video Yesteryear 85 F. 3d 1424. Service by fax was defective because Federal Rules Criminal Procedure 49(b) adopted service requirement found in Federal Rules of Civil Procedure Rule 5. United States vs. Flowers, 464 F. 3d 1127 (2006, CA 10 Kan). Telephonic facsimile transmission does not satisfy requirement of Rule 5(b); such transmissions may not be deemed service and does not constitute form of personal delivery. Federal Rules of Civil Procedure which governs methods by which federal documents may be served, does not authorize service by facsimile. Erbacci, Cerrone, and Moriarty, Ltd. vs. United States 166 FRD 298 also Sally vs. Board of Governors, University of North Carolina, 136 FRD 417. It is clearly established under the Federal Laws of Procedure pursuant to Rule 41 of Federal Criminal Procedure that law enforcement officer executing a seizure warrant must serve the seizure warrant personally upon the occupant of the premises where the property sought is to be seized. The Federal Rules of Criminal Procedures do not have their own execution of process requirements and instead adopt the process service requirement found in the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure Rule 49(b). Fax transmissions do not constitute form of personal delivery. When a document is personally delivered, a person can verify and certify that an exact and complete copy was lawfully delivered. Under the wire-fraud statue 18 U.S.C.S. section 1343 anyone could concoct a scheme to deprive state citizens of honest service and could send a fax for the purpose of executing such a scheme. Similarly two person could conspire to devise the scheme and to use faxes

for the purposes of executing the scheme. Where federally protected rights have been invaded the court will be alert to rectify their remedies so as to grant the neccessary relief. Where legal rights have been invaded, and a federal statue provide for a general right to sue for such invasion. Federal courts may use any available remedy to make good the wrong done. The essence of civil liberty consist of the right of every individual to claim the protection of the laws whenever that individual receives an injury. Bivens vs. Six Unknown Federal Narcotic Agents 403 U.S. 388.

## Memorandum of Law

Title 15 Commerce and Trade, Chapter 94. Privacy section 6801, Protection of Nonpublic personal information.

Pursuant to the privacy obligation policy, it does state that: It is the policy of the congress that each financial institution has an affirmitive and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customer's nonpublic personal information. A financial institution may not, directly or through any affiliated third party disclose any nonpublic information, unless such finantial institution provides or has provided to the customer a notice that complies with 15 U.S.C.S. section 6803. At the time of establishing a customer relationship with a customer and not less than annually during the continuation of such relationship, a financial institution shall provide a clear and conspicous disclosure to such customer, in writing or in electronic form or other form permitted by the regulations prescribed under 15 U.S.C.S. section 6804, of such financial institution's policies and practices with respect to disclosing nonpublic personal information to affiliates and nonaffiliated third parties, consistent with section 15 U.S.C.S. 6802, including the categories of information that may be disclosed. Disclosure requirements shall be made in accordance with the regulations prescribed under section 15 U.S.C.S. 6804.

## Memorandum of Law

Title 15 Commerce and Trade, Investment Companies.

Investment Companies are affected with a national public interest in that among other things the securities issued by such companies, which constitute a substantial part of all security publicly offered, are distributed, pur- chased, paid for, exchanged, transferred, redeemed, and repurchased by use of instramentalities of interstate commerce. The principle activities of such companies-investing, reinvesting and trading in securities are conduct- ed by use of instramentalities of interstate commerce, and constitute a sub- stancial part of all transactions effected in the securities market of the nation. The national public interest and the interest of investors are adver- sely affected when investors purchase, pay for, exchange, receive dividends, sell, or surrender securities issued by investment companies, without adeq- uate,accurate, and explicit information fairly presented, concerning the ch- aracter of such securities and the circumstances, policies, and financial responsibility of such companies and their management. Title 15 chapter 2D section 80a-3 defines an investment company as any bank or insurance company. MFS Investment Management Company      is therefor lawfully defined as an investment company under the Federal Laws of the United States.

## Memorandum of Law

Title 15 Commerce and Trade, Investment Advisers chapter 2D section 80-4a titled Prevention of Misuse of Nonpublic Information does lawfully state that: Every investment adviser shall establish, maintain, and enforce wr- itten policies and procedures reasonably designed, taking into considera- tion the nature of such investment adviser's business, to prevent the mis- use of the Securities Exchange Act, or the rules or regulations thereunder,

of material, nonpublic information by such investment adviser or any person associated with such investment adviser. Additionaly section 80-b-6 titled <u>Prohibited Transaction by Investment Adviser</u> lawfully does state that: It shall be <u>unlawful</u> for any adviser by use of instrumentality of interstate commerce, directly or indirectly to employ any device, scheme, or artifice to defraud any client or prospective client, or to engage in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client, or for an investment adviser to act as a principle for the client account, <u>to knowingly sell any</u> <u>security</u> or <u>to purchase</u> any security for a client, or acting as a broker for a person other than such client, <u>knowingly to effect any sale or pur-</u> <u>chase of any security for the account of such client, without disclosing</u> <u>to such client in writing</u> before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction.

Section 80b-18b, the section title <u>Custody of Client accounts</u> states that: An investment adviser shall take such steps <u>to safe guard client assets</u> over which such adviser <u>has custody.</u>

## Conclusion

MFS Investment Management clearly did not protect the privacy rights, securities exchange right, and commerce and trade rights of Lawrence Alan Haberman in accounts 7/90148200, 12/90229611, 14/90136768, 92/9890053034, 12/60359390, and 14/60246806. The actions of MFS Investment Management in this civil matter of Lawrence Haberman is perplexing, outrageous and disturbing. MFS Investment Management no doubt did violate the historical well established principles of the lawful business operations that govern the enacted federal securities exchange commission.

As such it is therefor the respectful request of the plaintiff here Lawrence Alan Haberman that MFS Investment Management be held civilly liable by this honorable United States District Court for MFS Investment Management violation of the investment account rights of Lawrence Haberman in MFS Investment Management accounts 7/90148200, 12/90229611, 14/90136768, 92/989 0053034, 12/60359390, and 14/60246806.

## Relief Sought

### Damages

Pecuniary compensation or indemnity damages may be recovered in the courts by any person who has suffered loss whether to his person, property, or rights, through the unlawful act or omission or negligence of another. Damages may be compensatory or punitive according to whether they are awarded as the measure of actual loss suffered or as punishment for outrageous conduct to deter future transgression. Compensatory or actual damages consist of both general and special damages. General damages are the natural, neccessary, and usual result of the wrongful act or occurrence in question. Real, substantial and just damages or the amount awarded to a complainant in compensation for his actual and real loss or injury does lawfully work to the benefit of a plaintiff to cure and remedy the wrongful ills of infliction incurred upon such injured party. Such as the law itself implies or presumed to have accrued from the wrong complained of, for the reason that are its immediate, direct, and proximate result, or such as neccessarily result from the injury or such as did in fact result from the injury or such as did in fact result from the wrong, directly and proximately, damages which are expected to follow from the act or state of facts are therefor and do become the basis of a plaintiff's suit. The measure of injury, physical, mental and emotional, as a result of another's action of omission, does lawfully constitute damage to a person. As such "damage" and "injury" are commonly used interchangeably, but they are different to extent that injury is what actually suffered while damage is the measure of compensation for such suffering. A return of an injured party to the position he occupied before he was injured by the unlawful act of another is a proper and lawful remedy. When return of the specific property right is not possible(as in a stock fraud transaction, due to the stock no longer available), rescissory damages would be the monetary equivalent value of the stock. Lastly substantial damages are assessed to satisfy a bare legal right, considerable in amount and intended as real compen-

sation for a real injury. As wherefor it is the respectful request of the plaintiff here Lawrence Alan Haberman that this honorable United States District court do enter and issue the following judgement via trial by jury or trial by judge.

### Judgement

It is therefor the respectful request of the plaintiff Lawrence Alan Haberman that this court order ___MFS Investment Management___ to pay the plaintiff Lawrence Alan Haberman <u>damages</u> in the forms of <u>pecuniary, compensatory, general, actual, rescissory</u> and substantial in the sum total monetary amount of ___$50,000,000.00_____.

Respectfully Submitted

The Plaintiff

Print Name Lawrence Alan Haberman

Signature *Lawrence Alan Haberman*

Date 4-22-2014

Address P.O. Box 7007

Marianna, Fla. 32447

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: Kevin K. Brown  At: Fort Worth, Texas | ☐ ☐ ☐ ☐ | | 6. File Title | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | ☐ | | 8. Date Prepared  12/11/2007 | |
| 9. Other Officers: S/A B. Finney | | | | |
| 10. Report Re: Acq of exhibit N61-N62 | | | | |

### DETAILS

1. On 11-20-2007, TFO Kevin Brown obtained six seizure warrants signed by United States District Magistrate Charles Bleil. The warrants directed the seizure of the following MFS Investment Management Accounts: Account # 7/90148200; Account # 12/90229611; Account # 14/90136768; Account # 92/9890053034; Account # 12/60359390; Account # 14/60246806. On 11-20-2007 copies of the warrant was faxed to MFS Investment Management, freezing the account. On 11-21-2007, copies of the warrants were served on MFS Investment Management via Federal Express instructing MFS Investment Management to disburse the funds on account.

2. On 11-30-2007, TFO Brown obtained two checks from MFS Investment Management. The checks represented the disbursement of the following accounts: Account # 7/90148200 = $28,743.19; Account # 12/90229611 = $23,194.10; Account # 14/90136768 = $23,770.60; Account # 92/9890053034 = $11,428.36; Account # 12/60359390 = $32,023.82; Account # 14/60246806 = $68,617.37. The checks were in the amount of $87,136.25 (later marked as exhibit N61) and $100,641.19 (later marked as exhibit N62). These checks will be marked as evidence and submitted to the US Marshall's office for proper storage and safekeeping.

### EXHIBITS

| 11. Distribution:  Division DALLAS FDO  District  Other SARI/HQ/ | 12. Signature (Agent)  Kevin K. Brown | 13. Date  12-11-07 |
|---|---|---|
| | 14. Approved (Name and Title)  Jim DeHass  G/S | 15. Date  12/17/2007 |

DEA Form - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. | 2. G-DEP Identifier |
| --- | --- | --- |
| *(Continuation)* | 3. File Title | |
| 4. Page  2  of  2 | | |
| 5. Program Code | 6. Date Prepared 12/11/2007 | |

Exhibit N61 is a check for $87,136.25.  On 11-30-2007, TFO Brown took custody of this exhibit.  TFO Brown processed this exhibit, as witnessed by S/A Finney.  TFO Brown then later submitted this exhibit to the Fort Worth Resident Office Seized Money Custodian for storage and safekeeping until transfer to the United States Marshall's Office.

Exhibit N62 is a check for $100,641.19.  On 11-30-2007, TFO Brown took custody of this exhibit.  TFO Brown processed this exhibit, as witnessed by S/A Finney.  TFO Brown then later submitted this exhibit to the Fort Worth Resident Office Seized Money Custodian for storage and safekeeping until transfer to the United States Marshall's Office.

INDEXING

1. HABERMAN, Lawrence –

DEA Form      - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In the Matter of the Seizure of funds | § | SEIZURE WARRANT |
| on deposit and credited to MFS Investment | § | |
| Management, account number X/XXXX8200, | § | CASE NUMBER |
| in the name of or belonging to Lawrence | § | 4:07-260-MJ |
| Haberman. | | |

TO:   Kevin K. Brown and any Authorized Officer of the United States:

Affidavit having been made before me by Drug Enforcement Administration Task Force Officer Kevin K. Brown,  who has reason to believe that in the Northern District of Texas there is now certain property which is subject to forfeiture to the United States, namely funds on deposit and credited to MFS Investment Management, account number X/XXXX8200, in the name of or belonging to Lawrence Haberman.

I am satisfied that the affidavit established probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.), leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to United States Magistrate Judge Charles Bleil as required by law.

November  20  , 2007          at  Fort Worth, Texas
**Date**                                  **City and State**

CHARLES BLEIL                    _____
UNITED STATES MAGISTRATE JUDGE
**Name and Title of Judicial Officer**            **Signature of Judicial Officer**

ORIGINAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In the Matter of the Seizure of funds | § | SEIZURE WARRANT |
| on deposit and credited to MFS Investment | § | |
| Management, account number xx/xxxx9611, | § | CASE NUMBER |
| in the name of or belonging to Lawrence | § | 4:07-259-MJ |
| Haberman. | | |

TO:   Kevin K. Brown and any Authorized Officer of the United States:

Affidavit having been made before me by Drug Enforcement Administration Task Force Officer Kevin K. Brown,  who has reason to believe that in the Northern District of Texas there is now certain property which is subject to forfeiture to the United States, namely funds on deposit and credited to MFS Investment Management, account number XX/XXXX9611, in the name of or belonging to Lawrence Haberman.

I am satisfied that the affidavit established probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.), leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to United States Magistrate Judge Charles Bleil as required by law.

November  20 , 2007         at _Fort Worth, Texas_
**Date**                              **City and State**

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE
**Name and Title of Judicial Officer**              **Signature of Judicial Officer**

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In the Matter of the Seizure of funds on deposit and credited to MFS Investment Management, account number xx/xxxx6768, in the name of or belonging to Lawrence Haberman. | § § § § § | SEIZURE WARRANT<br><br>CASE NUMBER<br>4:07-262-MJ |

TO:    Kevin K. Brown and any Authorized Officer of the United States:

Affidavit having been made before me by Drug Enforcement Administration Task Force Officer Kevin K. Brown,  who has reason to believe that in the Northern District of Texas there is now certain property which is subject to forfeiture to the United States, namely funds on deposit and credited to MFS Investment Management, account number XX/XXXX6768, in the name of or belonging to Lawrence Haberman.

I am satisfied that the affidavit established probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.), leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to United States Magistrate Judge Charles Bleil as required by law.

November  20  , 2007                at  Fort Worth, Texas
**Date**                            **City and State**

CHARLES BLEIL
UNDERLINE UNITED STATES MAGISTRATE JUDGE
**Name and Title of Judicial Officer**              **Signature of Judicial Officer**

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In the Matter of the Seizure of funds | § | SEIZURE WARRANT |
| on deposit and credited to MFS Investment | § | |
| Management, account number | § | CASE NUMBER |
| xx/xxxxxx3034, in the name of or belonging | § | 4:07-264-MJ |
| to Lawrence Haberman. | | |

TO:   Kevin K. Brown and any Authorized Officer of the United States:

Affidavit having been made before me by Drug Enforcement Administration Task Force
Officer Kevin K. Brown,  who has reason to believe that in the Northern District of Texas there
is now certain property which is subject to forfeiture to the United States, namely funds on
deposit and credited to MFS Investment Management, account number XX/XXXXXX3034, in
the name of or belonging to Lawrence Haberman.

I am satisfied that the affidavit established probable cause to believe that the property so
described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 10 days the property specified,
serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.), leaving
a copy of this warrant and receipt for the property seized, and prepare a written inventory of the
property seized and promptly return this warrant to United States Magistrate Judge Charles Bleil
as required by law.

November  20 , 2007                    at  Fort Worth, Texas
**Date**                                          **City and State**


CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In the Matter of the Seizure of funds | § | SEIZURE WARRANT |
| on deposit and credited to MFS Investment | § | |
| Management, account number xx/xxxx9390, | § | CASE NUMBER |
| in the name of or belonging to Lawrence | § | 4:07-261-MJ |
| Haberman. | | |

TO:   Kevin K. Brown and any Authorized Officer of the United States:

Affidavit having been made before me by Drug Enforcement Administration Task Force Officer Kevin K. Brown,  who has reason to believe that in the Northern District of Texas there is now certain property which is subject to forfeiture to the United States, namely funds on deposit and credited to MFS Investment Management, account number XX/XXXX9390, in the name of or belonging to Lawrence Haberman.

I am satisfied that the affidavit established probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY COMMANDED to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.), leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to United States Magistrate Judge Charles Bleil as required by law.

November   20  , 2007            at   Fort Worth, Texas
**Date**                              **City and State**

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE
**Name and Title of Judicial Officer**            Signature of Judicial Officer



**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In the Matter of the Seizure of funds | § | SEIZURE WARRANT |
| on deposit and credited to MFS Investment | § | |
| Management, account number xx/xxxx6806, | § | CASE NUMBER |
| in the name of or belonging to Lawrence | § | 4:07-263-MJ |
| Haberman. | | |

TO:   Kevin K. Brown and any Authorized Officer of the United States:

    Affidavit having been made before me by Drug Enforcement Administration Task Force Officer Kevin K. Brown,  who has reason to believe that in the Northern District of Texas there is now certain property which is subject to forfeiture to the United States, namely funds on deposit and credited to MFS Investment Management, account number XX/XXXX6806, in the name of or belonging to Lawrence Haberman.

    I am satisfied that the affidavit established probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant.

    YOU ARE HEREBY COMMANDED to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.), leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to United States Magistrate Judge Charles Bleil as required by law.

November __20__, 2007          at __Fort Worth, Texas__
**Date**                                        **City and State**

CHARLES BLEIL
UNDERLINE UNITED STATES MAGISTRATE JUDGE
**Name and Title of Judicial Officer**                    **Signature of Judicial Officer**