# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAWRENCE ALAN HABERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-11861-MBB |
| v. | ) | |
| | ) | |
| MFS INVESTMENT MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT MFS INVESTMENT MANAGEMENT'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2), Defendant MFS Investment Management ("MFS")[1] has moved to dismiss Plaintiff Lawrence Alan Haberman's ("Plaintiff") Complaint ("Complaint") with prejudice on the ground that it fails to state a claim upon which relief may be granted.  Moreover, pursuant to 28 U.S.C. § 1915(g), Plaintiff lacks standing to proceed *in forma pauperis*.  MFS hereby submits this memorandum in support of its motion.

## Introduction

Unsuccessful in recovering his forfeited drug proceeds from the government, Plaintiff's Complaint is one in a litany of meritless suits that he has brought against blameless third parties such as MFS.  Because MFS once turned over $187,777.44 from Plaintiff's investment accounts to the government in compliance with court orders, Plaintiff now seeks to recover *$50 million*

---

[1] MFS Investment Management is a trade name for Massachusetts Financial Services Company, and is not a separate legal entity.

1

from MFS. Having tried and failed to recover his validly forfeited funds from the government, Plaintiff now advances the novel claim that MFS ought to have *disregarded* seizure warrants issued by a Northern District of Texas magistrate judge and *refused* to turn over funds from Plaintiff's six identified MFS accounts. The facts as alleged by Plaintiff in no way establish that MFS violated the law by obeying court orders, nor do they provide a basis for any reasonable inference that MFS has engaged in any misconduct giving rise to liability. Instead, the Complaint supplements its principal contention that MFS's compliance with seizure warrants was improper with a hodgepodge of citations to securities statutes that neither support Plaintiffs' principal contention nor provide MFS with adequate notice of the charges faced.

Because the Complaint fails to state any claim upon which relief may be granted, this Court should dismiss it with prejudice. Moreover, this Court should revoke Plaintiff's *in forma pauperis* status because he has filed at least three cases that have been dismissed for failure to state a claim upon which relief may be granted, and does not qualify for a "three strikes" exception.

### Factual Background and Procedural History

On November 17, 2007, Haberman was arrested after he attempted to purchase 100 kilograms of cocaine from confidential Drug Enforcement Administration ("DEA") informants. (12-03-2008 Appellant's Brief at 4, <u>United States v. Haberman</u>, 08-10500 (N.D. Tex.) (attached as Ex. 1))[2]. On November 20, 2007, having obtained Plaintiff's MFS account information with a

---

[2] In addition to the allegations and facts contained in a complaint itself, courts evaluating a 12(b)(6) motion may also consider "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint[.]" <u>Schaer v. Brandeis Univ.</u>, 432 Mass. 474, 477 (2000) (citing 5A C.A. Wright & A.R. Miller, Federal Practice & Procedure § 1357, at 299 (1990)). <u>See also Giragosian v. Ryan</u>, 547 F.3d 59, 65 (1st Cir. 2008) (in ruling on 12(b)(6) motion, in addition to the allegations in the complaint, a court may consider "documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice") (quotation and brackets omitted); <u>Jackson v. Longcope</u>, 394 Mass. 577, 580 n.2 (1985) (court may also consider facts "of which judicial notice may be taken" without converting a Rule 12(b)(6) motion into one for summary judgment). The

grand jury subpoena, the DEA applied for seizure warrants pursuant to 21 U.S.C. § 881(b) and 18 U.S.C. § 981(b) on the ground that the six accounts contained proceeds from cocaine trafficking.  (Compl. p. 5, 19-24; 11-20-2007 Affidavit of Kevin Brown, <u>In the Matter of the Seizure of funds on deposit and credited to MFS Investment Management, account number xx/xxxx3-34, in the name of or belonging to Lawrence Haberman</u>, 07-00264 (N.D. Tex.) (attached as Ex. 2)).   Magistrate Judge Charles Bleil of the Northern District of Texas subsequently issued the warrants. (Compl. at 19-24).

On or about November 21, 2007, the DEA served the warrants on MFS via facsimile and Federal Express.  (Compl. at 4, 17).  On or about November 30, 2007, MFS complied with the warrants by redeeming and closing Haberman's six accounts and disbursing a total of $187,777.44 to the DEA. (Id. at 4-6, 17).

On February 1, 2008, Plaintiff pleaded guilty to conspiracy to distribute cocaine.  (02-01-2008 Plea Agreement, <u>United States v. Haberman</u>, 07-00188 (N.D. Tex.) (attached as Ex. 3)). He is presently serving a 360-month sentence.  (05-06-2014 Mem. Op. and Order, <u>Haberman v. United States</u>, 4:14-cv-00223-A (N.D. Tex.) (attached as Ex. 4), at. 1-3). The District Court of the Northern District of Texas also ordered the forfeiture of $20,000,000.   (03-04-2008 Preliminary Order of Forfeiture, <u>United States v. Haberman</u>, 07-00188 (N.D. Tex. 2008) (attached as Ex. 5)).   In his plea agreement, Plaintiff acknowledged his involvement in $20,000,000 worth of cocaine trafficking between 1991 and 2007. (Ex 1, at 4-5).  Ultimately, Plaintiff's assets --including the $187,777.44 seized in 2007-- were forfeited and credited against the $20,000,000 judgment. (Ex. 4 at 2).

---

documents cited to in this memorandum, and attached hereto as exhibits, are matters of public record and susceptible to judicial notice.

Plaintiff appealed to the Fifth Circuit, which upheld the conviction and forfeiture in a *per curiam* decision. (07-24-2009 Opinion, <u>U.S. v. Haberman</u>, 08-10500 (5th Cir.) (attached as Ex. 6)). In March 2014, more than six years after the forfeiture, Plaintiff sought the return of his forfeited property from the government. (03-28-2014 Motion For The Return Of Seized And Forfeited Property, <u>Haberman v. United States</u>, 4:14-cv-00223-A (N.D. Tex.) (attached as Ex.7)). In that proceeding, Plaintiff raised many of the same alleged procedural problems that he does now. (Id. at 4-8). On May 6, 2014, having characterized Plaintiff's warrants argument as "unavailing," the District Court *sua sponte* dismissed Plaintiff's complaint with prejudice for failure to state a claim. (05-06-02014 Memorandum Opinion and Order at 4-6, <u>Haberman v. United States</u>, 4:14-cv-00223-A (N.D. Tex.) (attached as Ex.8)).

On April 28, 2014, Plaintiff filed the Complaint in the District of Massachusetts. On May 19, 2014, this Court allowed Plaintiff to proceed *in forma pauperis*. (Docket No. 4, 14-11861-MBB). On August 13, 2014, MFS received the Complaint and summons.

The Complaint is substantially similar to others Plaintiff has filed in which he seeks damages from financial institutions because of their compliance with federal warrants. <u>See, e.g.,</u> <u>Haberman v. Merrill Lynch</u>, Docket No. 1, 1:14-cv-06106-LAP (S.D.N.Y.); <u>Haberman v. Banc of America</u>, Docket No. 1, 3:14-cv-00012-RJC (W.D.N.C.). Notably, Plaintiff raised nearly identical allegations against Jackson National Life Insurance Company ("Jackson") in the District Court of the Western District of Michigan. <u>Haberman v. Jackson Nat'l Life Insurance Company</u>, 2014 WL 1775730, 14-CV-00088 (W.D. Mich. 2014) (unpublished) (attached as Ex. 9). Pursuant to 28 U.S.C. § 1915(e)(2), District Court Judge Janet Neff *sua sponte* dismissed the complaint against Jackson with prejudice for failure to state a claim. <u>Id</u>. at *2-5. On July 29, 2014, after Plaintiff filed yet another complaint against Jackson in the Western District of

Michigan, Judge Neff revoked Plaintiff's *in forma pauperis* status because he had on three previous occasions filed *in forma pauperis* complaints as a prisoner that were dismissed  for failure to state a claim.[3]  (07-29-2014 Opinion Denying Leave to Proceed *In Forma Pauperis* – Three Strikes, <u>Haberman v. Jackson Nat'l Life Insurance Company</u>, 1:14-cv-00646 (W.D. Mich.) (attached as Ex. 10)).  Judge Neff ordered that Plaintiff's case be dismissed without prejudice unless Plaintiff paid the remainder of the filing fee within 28 days.  (Id. at 4-5).

### Applicable Law

Pursuant to Rule 12(b)(6), upon a timely pre-response motion by a defendant, a court may dismiss a complaint for failure to state a claim upon which relief may be granted.  Pursuant to 28 U.S.C. § 1915(e)(2)(i) and (ii), a court *must* dismiss a complaint "at any time" when it "determines" that the action is "frivolous or malicious" or fails to state a claim upon which relief may be granted.

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Eldredge v. Town of Falmouth</u>, 662 F.3d 100, 104 (1st Cir. 2011) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).   A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Twombly</u>, 550 U.S. at 570.  The allegations must establish "more than a sheer possibility that a defendant has acted unlawfully[,]" and "give the defendant fair notice of what the... claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 544, 555, 570 (quotation omitted).  Merely reciting elements and making conclusory statements does not

---

[3]  In addition to the dismissals in the Northern District of Texas and Western District of Michigan discussed above, Plaintiff also filed a complaint in the Northern District of Texas seeking the return of a $24,000 deposit allegedly seized unlawfully.  That action was also dismissed *sua sponte* with prejudice.  <u>Haberman v. United States</u>, Nos. 4:13-CV-1017-A, 4:L07-CR-188-A(01), 2014 WL 717200 (N.D. Tex. Feb. 24, 2014).

suffice. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Dixon v. Wells Fargo Bank, N.A.</u>, 798 F. Supp. 2d 336, 340 (D. Mass. 2011) (court must not assume truth of bare legal conclusions); <u>Zona v. Clark University</u>, 436 F. Supp.2d 287, 289 (D. Mass. 2006) (quoting <u>Gooley</u>, 851 F.2d at 513, 514 (1988) (courts "need not conjure up unplead allegations' to help [a complaint] survive a motion to dismiss").

Pursuant to 28 U.S.C. § 1915(g):

> (g) *In no event* shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States *that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury. (Emphases added).

<u>**Argument**</u>

**I.     Because Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted, this Court Should Dismiss the Complaint With Prejudice**

From what Defendant can glean from the Complaint, Plaintiff appears to allege that the seizure warrants in this case were invalid and that MFS's compliance with invalid seizure warrants somehow constituted a violation of various securities laws.  (Compl. at 4-6, 11-13). The Complaint, however, pleads no facts from which this Court could draw any reasonable inference that MFS is liable for the charged (or any) misconduct.  Instead, the only reasonable inference is that MFS acted in accordance with the law.  Because the Complaint consists only of conclusory statements, erroneous legal assertions, and incorrect or irrelevant facts, Plaintiff's claims are not facially plausible.  They cannot survive even a charitable pleading standard, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2).

**A.    Because The Magistrate Judge Had Authority To Issue The Seizure Warrants, Plaintiff's Complaint Fails to State A Claim Upon Which Relief May Be Granted**

Plaintiff asserts that Magistrate Judge Bleil lacked the authority to issue warrants for the funds held in Plaintiff's accounts at MFS. (Compl. at 6-7). Plaintiff bases this assertion on Rule 41(b)(1) of the Federal Rules of Criminal Procedure, which allows search and seizure warrants for a person or property to be issued within the district wherein the person or property may be found. (Compl. at 6-7). Plaintiff overlooks 18 U.S.C. § 981(b)(3), however, which specifically sets aside Rule 41 in asset forfeiture situations:

> "Notwithstanding the provisions of rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued pursuant to this subsection by a judicial officer *in any district* in which a forfeiture action against the property *may be filed* under section 1355 (b) of title 28, and may be executed in *any district* in which the property is found, or transmitted to the central authority of any foreign state for service in accordance with any treaty or other international agreement."

(Emphases added). 28 U.S.C. § 1355(b) allows warrants to issue from any district court in which any act or omission giving rise to the forfeiture took place. Here, Plaintiff's criminal conduct took place in part in the Northern District of Texas. (02-01-2008 Factual Resume, at 2, United States v. Haberman, 07-CR-0188-A) (N.D. Tex.) (attached as Ex. 11). There was thus no procedural defect in obtaining the warrants in the Northern District of Texas or with executing them in the District of Massachusetts, and this allegation neither supports any supposed claim nor allows any reasonable inference of liability for misconduct on MFS's part.

**B.    Because a Grand Jury Subpoena Can Be Served Anywhere Within the United States, Plaintiff's Complaint Fails to State A Claim Upon Which Relief May Be Granted**

From what MFS can ascertain from the Complaint, Plaintiff appears to assert that MFS wrongfully complied with a subpoena from "the state of Texas," which he claims exceeded a

100-mile limitation once included in Rule 45 of the Federal Rules of Civil Procedure.   (Compl. at 5-6, 8-9).

From the context of the Complaint, its attachments, and public documents, Plaintiff appears to refer to a *grand jury* subpoena.  Rule 17(e) of the Federal Rules of Criminal Procedure governs such subpoenas, which can be served anywhere within the United States.  There was thus no procedural defect in issuing such a subpoena in Texas and serving it in Massachusetts, and this allegation neither supports any supposed claim nor allows any reasonable inference of liability for misconduct on MFS's part.

### C.   Because Service Of The Warrants Was Valid, Plaintiff's Complaint Fails to State A Claim Upon Which Relief May Be Granted

Plaintiff also seems to contend that the warrants were unlawful because the DEA served them by facsimile, a method that requires prior written consent pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  (Compl. at 10).   Assuming Plaintiff even has standing to complain about the method of service, the Complaint's own allegations render this contention moot.  First, the Complaint itself alleges that the warrants were served both by facsimile *and* Federal Express.  (Compl. at 4).  Second, the Complaint incorporates a December 11, 2007 DEA Form-6a, which also indicates that the warrants were served "via Federal Express."  (Compl. at 17).  Pursuant to Rule 5(b)(2)(C), service by mail to a person's last known address is complete upon mailing.  There was thus no procedural defect in serving the warrants, and this allegation neither supports any supposed claim nor allows any reasonable inference of liability for misconduct on MFS's part.

**II.     Plaintiff's Effort to Contort Compliance With a Valid Seizure Warrant Into a Violation of Federal Securities Laws Does Not State a Claim**

Apparently based on the supposed procedural defects discussed above, the Complaint asserts that MFS's compliance with the warrants violated various sections of the federal securities law, specifically 15 U.S.C. Chapters 2D and 94.  (Compl. at 3-6, 11-13).  Because the alleged facts do not give rise to any reasonable inference of liability for misconduct on MFS's part, and because no adequate legal basis is provided for any supposed liability, the Complaint fails to state any claim upon which relief may be granted.

**A.     Because There is No Private Right of Action Under 15 U.S.C. § 6801, Plaintiff's Complaint Fails to State A Claim Upon Which Relief May Be Granted**

While Plaintiff's Complaint appears to assert that MFS violated 15 U.S.C. § 6801 by complying with the warrants, it provides no specific allegations from which MFS can ascertain a claim.  It instead recites selected portions of statutory language, leaving MFS and this Court to guess in what way MFS's compliance with a warrant constitutes a violation of a statute that requires dissemination of annual privacy notices.  (Compl. at 11).

In any event, courts have held that 15 U.S.C. § 6801, which obliges certain financial institutions to protect customer privacy, does not authorize a private right of action.  See, e.g., Wood v. Greenberry Fin. Servs., Inc., F.Supp.2d 1165, 1186 (D.Haw. 2012); Abdelfattah v. U.S. Dept. of Homeland Sec., 893 F.Supp.2d 75, 83 (D.D.C. 2012); Jackson, 2014 WL 1775730 at 4. Moreover, 15 U.S.C. § 6802(e)(8) does not prohibit such financial institutions from disclosing nonpublic personal information:

> "[T]o comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over

Case 1:14-cv-11861-MBB   Document 9   Filed 08/29/14   Page 10 of 13

the financial institution for examination, compliance, or other purposes as authorized by law."

To the extent that MFS's compliance with warrants or subpoena constitutes a "disclosure" of Plaintiff's private information, such disclosure was needed to comply with federal court orders and subpoenas and falls under § 6802(e)(8).

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

**B.      Because there is No Private Right of Action Under 15 U.S.C. §§ 80b-6, Plaintiff's Complaint Fails to State A Claim Upon Which Relief May Be Granted**

While Plaintiff's Complaint seems to assert that MFS violated 15 U.S.C. §§ 80b-6 (Section 206 of the Investment Advisers Act of 1940) by complying with the warrants, it provides no specific allegations from which MFS can ascertain a claim.  It instead relies on conclusory statements and selected portions of statutory language, leaving MFS and this Court to guess in what way MFS's compliance with a warrant constitutes a violation of the statute. (Compl. at 13).

In any event, courts have consistently held that individuals do not have a private right of action pursuant to the Investment Advisers Act.  The Supreme Court has held that "there exists a limited private remedy under [the Investment Advisers Act] to void an investment advisors contract, but that the Act *confers no other private causes of action, legal or equitable*." Transamerica Mortg. Advisors, Inc (TAMA) v. Lewis, 444 U.S. 11, 24, 100 (1979) (emphasis added).  While the Supreme Court held that Section 215 (15 U.S.C. § 80b-15) *implicitly* granted a private right of action to void a contract, it also held that no such private right of action existed with respect to "any device, scheme, or artifice to defraud" employed by a financial institution (such as those found in Section 260 (15 U.S.C. § 80b-6)). *Id*. at 19.  The Supreme Court noted that Congress had explicitly established various other enforcement mechanisms as remedies, and

inferred that "in view of these express provisions, it is highly improbable that 'Congress absent-mindedly forgot to mention an intended private action.'"  *Id.* at 20.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

**C.    Plaintiff Fails to Allege Any Claim Under 15 U.S.C. §§ 80a-3 or 80b-18b For Which Relief May Be Granted**

While Plaintiff's Complaint appears to assert that MFS violated 15 U.S.C. §§ 80a-3 or 80b-18 by complying with the warrants, it provides no specific allegations from which MFS can ascertain a claim. It instead relies on conclusory statements and selected portions of statutory language, leaving MFS and this Court to guess in what way MFS's compliance with a warrant constitutes a violation of the statutes.   (Compl. at 11).   Moreover, Plaintiff's citation to § 80a-3 is inapposite because MFS is an investment adviser, and § 80a-3 concerns investment companies.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

**III.   Because Plaintiff Has Already Had Three Cases Dismissed For Failure To State A Claim, His *In Forma Pauperis* Status Should Be Revoked**

Plaintiff's repetitious, meritless litigation against MFS and others is the precise reason why Congress adopted the safeguard of 28 U.S.C. § 1915(g) in the Prison Litigation Reform Act (PLRA) in 1996. Pub. L. No. 104-134, 110 Stat. 1321 (1996); see, e.g., Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997) ("aimed at the skyrocketing numbers of claims filed by prisoners- many of which are meritless- and the corresponding burden those filings have placed on the federal courts.")  The language of  28 U.S.C. § 1915(g) states that "in no event" shall a prisoner bring an action *in forma pauperis* if he has accumulated at least three cases during his incarceration that were dismissed for failure to state a claim upon which relief may be granted "unless the prisoner is under imminent danger of serious physical injury."  Plaintiff has pleaded

no allegations concerning such imminent danger, and, by the time this Court granted him leave to proceed *in forma pauperis*, he already had three cases dismissed for failure to state a claim. Accordingly, Plaintiff is not eligible to proceed *in forma pauperis* and his status should be revoked.

## Conclusion

The Complaint is a meritless, even frivolous, attempt on the part of a Plaintiff who, having unsuccessfully challenged the government's seizure and forfeiture of his property through the proper channels, now seeks to concoct claims against blameless third parties such as MFS. The Complaint fails to state any claim upon which relief may be granted, and, for the reasons set forth above, should be dismissed with prejudice. Moreover, this Court should revoke his *in forma pauperis* status due to his repeatedly dismissed complaints.

Respectfully submitted,

**MFS Investment Management**

By its attorneys,

/s/ Gregory F. Noonan
Gregory F. Noonan (BBO#651035)
gnoonan@collorallp.com
Isaac Garcia-Dale (BBO#674627)
igarciadale@collorallp.com
COLLORA LLP
100 High St. 20th Floor
Boston, MA 02110
Tel. (617)-371-1000
Fax (617)-371-1037

Dated: August 29, 2014

12

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system on August 29, 2014, has also been sent to Plaintiff by express mail.

/s/ Gregory F. Noonan