```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


LAWRENCE ALAN HABERMAN,           )
          Plaintiff,              )
                                  )
     v.                           )    C.A. No. 14-11861-PBS
                                  )
MFS INVESTMENT MANAGEMENT,        )
          Defendant.              )
```

MEMORANDUM AND ORDER

March 24, 2015

SARIS, Chief Judge

## I. Introduction

Now pending before the court is defendant MFS Investment Management's motion to dismiss plaintiff Lawrence Alan Haberman's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court revokes plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) and grants defendant's motion to dismiss.

## II. BACKGROUND

On April 28, 2014, Lawrence Alan Haberman ("Haberman"), an inmate now confined to the Federal Correctional Institution (FCI) in Marianna, Florida, filed his self-prepared diversity complaint against the defendant, a Massachusetts corporation. See Complaint ("Compl."), Docket No. 1. Haberman pled guilty in 2007 to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. See United States v. Haberman, C.R. No. 07-188-A, 2008 WL 647787 (N.D. Tex. Mar. 7,

2008).[1]  On May 20, 2008, Haberman was sentenced to 30 years imprisonment and the court ordered the forfeiture of $20,000,000, as well as funds on deposit in certain financial accounts, the cash value of a life insurance policy and Haberman's interest in real property, the total of which was to be deducted from the $20,000,000.

In his complaint, Haberman alleges that in 2002 he contracted to open an investment account with the defendant company.  Compl. at p. 3.  He complains that the defendant responded in November 2007, without his approval, to seizure warrants which demanded the full monetary value of Haberman's accounts.  Id. pp. 3, 4.  Haberman alleges that seizure warrants were issued by a federal judge in Texas via facsimile and Federal Express.  Id. at p. 4.  Copies of the seizure warrants are attached to the complaint.  Id. at pp. 19 - 24.

Haberman contends that the defendant should not have complied with the seizure warrants because they were not legally valid having been issued by a federal court in Texas and served by facsimile transmission.  Id. at pp. 7, 10.  Haberman contends that the defendant failed to adhere to the legal standards imposed on financial institutions and financial advisors and

---

[1] "It is well-accepted that federal courts may take judicial notice of proceedings in other courts of those proceedings have relevance to the matters at hand." Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)).

specifically references 15 U.S.C. §§ 80b-4a (prevention of misuse of nonpublic information); 6801 (protection of nonpublic personal information); 6802 (obligations with respect to disclosures of personal information); 6803 (disclosure of institution privacy policy); 6804 (rulemaking).  Id. at pp. 11, 12.

Haberman alleges the "total monetary amount unlawfully relinquished to the U.S. government from Mr. Haberman's account was for the total of $187,777.44."  Id. at p. 3.  He seeks damages in the amount of $50,000,000.00.  Id. at p. 16.

With the complaint, plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  See Docket No. 2.  By Order dated May 19, 2014, plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs was granted, plaintiff was assessed an initial, partial filing fee pursuant to 28 U.S.C. § 1915(b)(1), and the clerk was directed to issue a summons and the form for consent/refusal of magistrate judge jurisdiction.[2]  See Docket No. 4.

Now before the Court is defendant's motion to dismiss and supporting memorandum.  See Docket Nos. 8, 9.  On September 16, 2014, plaintiff filed an opposition.  See Docket No. 11.

---

[2]This action was initially assigned to Magistrate Judge Bowler pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  See Docket.  Because a party refused to consent to proceed before a Magistrate Judge, the case was reassigned to the undersigned on March 15, 2014.  See Docket No. 15.

3

### III.   LEGAL STANDARD OF REVIEW

The defendant has moved for dismissal of the complaint for failure to state a claim.  See Docket No. 8.  Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'"  Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).  "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [the Court] to draw on [its] judicial experience and common sense."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quotation marks omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'— that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Haberman is proceeding pro se, he is entitled to a liberal reading of his allegations, no matter how inartfully

pled.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi, 389 F.3d at 13.  In considering the adequacy of the pleadings, the Court accepts all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. Schatz, 669 F.3d at 55.  The Court "must consider the complaint, documents annexed to it, and other materials fairly incorporated within it," which "sometimes includes documents referred to in the complaint but not annexed to it."  Rodi, 389 F.3d at 12.

### IV.  DISCUSSION

This is one of several actions filed by Haberman in which he attempts to attack a criminal forfeiture action in the Northern District of Texas by suing various financial entities that complied with subpoenas and seizure warrants issued pursuant to a criminal forfeiture order.  Haberman's challenge to the forfeiture action was unsuccessful.  See Haberman v. United States, Nos. 4:14cv223-A, 4:07-cr-188-A(01), 2014 WL 1803415 (N.D. Tex. May 6, 2014).

As noted by the defendant, and pursuant to a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service, this action is nearly identical to an action that Haberman filed seeking damages from another financial institution that complied with federal warrants.  See e.g. Haberman v. Jackson Nat. Life Ins, No. 14-88, 2014 WL 1775730 (W.D. Mich 2014) (sua sponte dismissal of action alleging breach

of fiduciary duty pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim). Also, this action is substantially similar to an action Haberman originally filed against Merrill Lynch in the Southern District of New York and which is now pending in the Western District of Michigan. See Haberman v. Merrill Lynch, No. 14-14180 (W.D. Mich Oct. 30, 2014) (complaint alleges bank violated various federal laws by relinquishing the funds in his investment account pursuant to an allegedly unlawful seizure warrant used to effect the forfeiture order in the Northern District of Texas).

Here, the defendant argues that this action is subject to dismissal because (1) the warrants were issued through lawful authority; (2) the grand jury subpoena was properly served; (3) service of the warrant was valid; (4) there is no private right of action for plaintiff under Title 15. Additionally, defendant asks this court to revoke plaintiff's in forma pauperis status because he has received "three strikes" under 28 U.S.C. § 1915(g).[3]

In his opposition, Haberman simply repeats his assertion that the defendant had no lawful authority to relinquish his

---

[3] A prisoner may be denied in forma pauperis status if he has, on three or more prior occasions, had an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g).

funds to the government because the warrant failed to authorize the seizure of property located outside the Northern District of Texas.

### A.   No Procedural Defect Concerning Warrants and Subpoena

Haberman argues that the Magistrate Judge in the Northern District of Texas was without authority to issue warrants for the seizure of funds outside of Texas and references Rule 41(b)(1) of the Federal Rules of Criminal Procedure.

To the extent Haberman complains that the seizure warrants are invalid because they mistakenly state that the property subject to forfeiture is located in the Northern District of Texas, rather than Massachusetts, the Court notes that the Magistrate Judge issued the seizure warrant based upon an affidavit submitted by a DEA agent.[4]  Here, despite the warrants' technical errors concerning the location of the accounts, the warrants specifically identify the funds to be seized as (1) on deposit and credited to MFS Investment Management, (2) in the name or belonging to Lawrence Haberman, and (3) with account numbers ending in 3034, 6768 8200, 9166, 9390, or 6806.  In

---

[4] "A warrant application must demonstrate probable cause to believe that (1) a crime has been committed—the 'commission' element, and (2) enumerated evidence of the offense will be found at the place to be searched—the so-called 'nexus' element." United States v. Tsarnaev, No. 13-cr-10200-GAO, 2014 WL 5308087, at *9, – F.Supp.2d – (D. Mass. Oct. 17, 2014) (citing United States v. Woodbury, 511 F.3d 93, 97 (1st Cir. 2007) (quoting United States v. Feliz, 182 F.3d 82, 86 (1st Cir.1999))).

issuing the seizure warrants, the Magistrate Judge found that probable cause existed to seize Haberman's funds.  Thus, the technical mistake of stating that the property was located in the Northern District of Texas did not invalidate any of the seizure warrants issued by the Magistrate Judge.

Moreover, as noted by the defendant, Haberman overlooks 18 U.S.C. § 981(b)(3) which specifically sets aside Rule 41 in asset forfeiture situations.  Additionally, 28 U.S.C. § 1355(b) allows warrants to issue from any district court in which any act or omission giving rise to the forfeiture took place.

Haberman argues that the defendant complied with a subpoena in violation of Rule 45(b)(2) of the Federal Rules of Civil Procedure.  He argues that because the defendant is located in Massachusetts, the subpoena issued in Texas could only lawfully be served pursuant to the 100-mile limitation, which was in Texas.  As with the seizure warrants, there is no procedural defect concerning such subpoena because grand jury subpoenas can be served anywhere in the United States.  <u>See</u> Rule 17(e), Federal Rules of Criminal Procedure.

Finally, Haberman complains that the seizure warrants were not served properly because they were allegedly served by facsimile, a method requiring prior written consent pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  As noted by defendant, the complaint itself alleges that the

warrants were served by both facsimile and Federal Express. Moreover, attached to the complaint is an exhibit indicating that the warrants were served "via Federal Express." Pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, service by mail to a person's last known address is complete upon mailing.

Thus, based upon the foregoing, there were no procedural defects concerning the subpoena and warrants and the complaint fails to allege facts from which a reasonable inference of misconduct can be inferred on the part of the defendant.

**B. Failure to State a Claim under Federal Securities Laws**

To the extent Haberman brings this action pursuant to Title 15 of the United States Code, the complaint fails to state a claim. Courts have held that 15 U.S.C. § 6801, which obliges certain financial institutions to protect customer privacy, does not authorize a private right of action. See e.g.,Barnett v. First Premier Bank, No. 11-16504, 475 Fed. Appx. 174 (9th Cir. 2012) (no private right of action under 15 U.S.C. §§ 6801, 6805 for alleged disclosure by bank of the plaintiff's financial information without a warrant, subpoena, or his consent); Wood v. Greenberry Fin. Servs., Inc., 907 F.Supp.2d 1165, 1186 (D. Haw. 2012) (holding that the Gramm-Leach-Bailey Act (GLBA) 15 U.S.C. §§ 6801 et seq., does not provide for a private right of action), abrogated on other grounds by Compton v. Countrywide Fin. Corp.,

761 F.3d 1046 (9th Cir. 2014); <u>Abdelfattah v. U.S. Dep't of Homeland Sec.</u>, 893 F.Supp.2d 75, 83 (D.D.C.2012) (noting that no private right of action existed for an alleged violation of GLBA prohibiting financial institutions from disclosing nonpublic personal information).

As noted by defendant, Section 6802(e)(8) does not prohibit such financial institutions from disclosing nonpublic personal information.  Here, MFS's compliance with warrants or subpoena constitutes "disclosure," but such disclosure was needed to comply with federal court orders and subpoenas and falls under Section 6802(e)(8).

As to the alleged violation of Sections 80b-6 (Section 206 of the Investment Advisers Act of 1940) by complying with the warrants, individuals do not have a private right of action pursuant to the Investment Advisors Act.  It has been long recognized that "there exists a limited private remedy under the Investment Advisers Act of 1940 [15 U.S.C. § 80b-1 et seq.] to void an investment advisers contract, but that the Act confers no other private causes of action, legal or equitable. <u>Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis</u>, 444 U.S. 11, 24, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

Thus, to the extent Haberman seeks to bring a private right of action for money damages in connection with any of the provisions of Title 15 upon which he sues, his claims are subject

to dismissal.

**C. Plaintiff is not eligible to proceed in forma pauperis**

In the instant action, Haberman was permitted to proceed in forma pauperis and he was assessed an initial, partial filing fee of $66.83 with the remainder of $283.17 to be collected pursuant to 28 U.S.C. § 1915(b)(2). See Docket No. 4. Since the filing of this action, the $350.00 filing fee has been paid.

Defendant asserts that because plaintiff has had three cases dismissed for failure to state a claim, and there are no allegations concerning imminent danger, the court should revoke plaintiff's in forma pauperis status.[5] Haberman's opposition fails to address this argument.

Last month, in dismissing one of Haberman's appeals as frivolous, the United States Court of Appeals for the Fifth Circuit recognized that he has accumulated three strikes. See Haberman v. United States, No. 14-10281, 2015 WL 758882, *1 (5th Cir. Feb. 24, 2015) ("Haberman has accumulated three strikes, and he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical

---

[5] A prisoner may be denied in forma pauperis status if he has, on three or more prior occasions, had an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

11

injury.'").

After a careful review of plaintiff's previous litigation history, I find that on April 28, 2014, the time that this action was filed, Haberman already had the following three qualifying strikes: (1) Haberman v. United States, Nos. 13-1017-A, 07-cr-188-A(01), 2014 WL 717200 (N.D. Tex. Feb. 24, 2014) (2013 action seeking return of seized and forfeited property, dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)), appeal dismissed, No. 14-10281, 2015 WL 758882 (5th Cir. Feb. 24, 2015); (2) Haberman v. United States, Nos. 14-cv-223-A, 07-CR-188-A(01), 2014 WL 1803415 (N.D. Tex. May 6, 2014) (action filed on March 28, 2014, claiming that a $24,000 deposit was unlawfully seized and forfeited, dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)); aff'd, No. 14-10621, 582 Fed. Appx. 309 (5th Cir. Sept. 10, 2014); and (3) Haberman v. Jackson Nat'l Life Ins. Co., No. 14-c-88, 2014 WL 1775730 (W.D. Mich. May 5, 2014) (action filed on January 24, 2014, seeking damages concerning annuity account, dismissed for failure to state a claim pursuant to § 1915(e)(2)).

Because plaintiff had accumulated three strikes prior to commencing this action, and he has not alleged a particular or imminent risk of harm, revocation of his in forma pauperis status is warranted.

## V.  Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g); and

2. Defendant's Motion to Dismiss (Docket No. 8) is GRANTED.

SO ORDERED.

                                   /s/ Patti B. Saris
                                   PATTI B. SARIS
                                   CHIEF, UNITED STATES DISTRICT JUDGE