UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE ALAN HABERMAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-11861-PBS |
| | ) | |
| MFS INVESTMENT MANAGEMENT, | ) | |
| Defendant. | ) | |

ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

June 16, 2015

SARIS, Chief Judge

Now pending before the Court is Lawrence Alan Haberman's

("Plaintiff") motion to reconsider the dismissal of this action.

See Docket No. 19.  The facts of the case are set forth in the

Court's March 24, 2015 Memorandum and Order granting defendant's

Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon

finding without merit Plaintiff's challenge to the subpoenas and

seizure warrants issued pursuant to a criminal forfeiture order.

See Docket No. 17.

Here, Plaintiff's motion fails to specifically indicate

under which Rule his motion arises.  Rule 60(b) of the Federal

Rules of Civil Procedure authorizes a court to grant a party

relief from a prior final judgment for certain enumerated

reasons.[1]  A party seeking relief under Rule 60(b) must

---

[1]The rule provides for relief on the following grounds:
"mistake, inadvertence, surprise or excusable neglect,"
Fed.R.Civ.P. 60(b)(1); "newly discovered evidence that, with
reasonable diligence, could not have been discovered in time to
move for a new trial under Rule 59(b)," Fed.R.Civ.P. 60(b)(2);

demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."  Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

In the instant motion, Plaintiff repeats the assertions made in his opposition to the Defendant's motion to dismiss; to wit: the defendant had no lawful authority to relinquish Plaintiff's funds to the government because the warrant failed to authorize the seizure of property located outside the Northern District of Texas.  This argument has already been considered and rejected by the Court.  Because Plaintiff has failed to bear his burden under

---

"fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed.R.Civ.P. 60(b)(3); "the judgment is void," Fed.R.Civ.P. 60(b)(4); "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," Fed.R.Civ.P. 60(b)(5); or "any other reason that justifies relief," Fed.R.Civ.P. 60(b)(6).

Rule 60(b), the motion to reconsider is denied.

Based on the foregoing, it is hereby Ordered that

Plaintiff's Motion to Reconsider (Docket No. 19) is DENIED.

SO ORDERED.

       /s/ Patti B. Saris
       PATTI B. SARIS
       CHIEF, UNITED STATES DISTRICT JUDGE